UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

METROPOLITAN LIFE INSURANCE COMPANY         CIVIL ACTION

v.                                          NO. 19-13471

VANCE HARTMANN, ET AL.                      SECTION "F"

ORDER AND REASONS

Local Civil Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to motions be filed eight days before the noticed submission date. No memorandum in opposition to MetLife's motion for dismissal and discharge from further liability, noticed for submission on June 24, 2020, has been filed.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] This statutory interpleader action arises from the competing claims of three brothers to their father's death benefits under a MetLife policy. Three points warrant mention.

First, the requirements of statutory interpleader, 28 U.S.C. § 1335, are met because there is a single fund——$30,169.17 in death benefits, plus interest, payable under a MetLife policy——and the brothers claim an interest in it. See Rhoades v. Casey, 196 F.3d 592, 600 (5th Cir. 1999).

Second, the plaintiff-in-interpleader, MetLife, is entitled to a discharge from further liability because it is a disinterested stakeholder that has deposited the disputed funds into the registry

that the motion is GRANTED as unopposed. MetLife is: (1) DISMISSED with prejudice from this interpleader action; (2) DISCHARGED from further liability for the funds deposited into the registry of the Court; and (3) AWARDED $400 in reasonable attorney's fees and costs.

New Orleans, Louisiana, June 24, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

of the Court. See 28 U.S.C. § 2361; Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, L.L.C., 782 F.3d 186, 195-96 (5th Cir. 2015).

   Third, the Court, in its discretion, finds that MetLife should receive a modest award of attorney's fees for the costs and expenses it incurred in drafting and filing the interpleader complaint. See Rhoades, 196 F.3d at 603 (authorizing district courts to "award reasonable attorney's fees in interpleader actions"). A modest award is appropriate here because MetLife is a "disinterested stakeholder, and is not in substantial controversy with one of the claimants." Id. (citing Phillips Petroleum Co. v. Hazlewood, 534 F.2d 61, 63 (5th Cir. 1976)). The requested award of $400 is less than 11% of the $3,800.67 in attorney's fees that MetLife actually incurred. A $400 award is reasonable in these circumstances. See New York Life Ins. & Annuity Corp. v. Cannatella, 550 F. App'x 211, 217 (5th Cir. 2013) (per curiam) (announcing factors a district court should consider in assessing whether an award of attorney's fees is appropriate).